**WADLEY v. DOVE et al.**

No. 3253.

Court of Civil Appeals of Texas. Beaumont.

March 23, 1938.

Rehearing Denied April 6, 1938.

J. A. R. Moseley, Jr., and King, Wheeler & Fulton, all of Texarkana, for appellant.

Lincoln & Harris, of Texarkana, for appellee.

WALKER, Chief Justice.

On the 2d day of February, 1932, the Overland Texarkana Company, an Arkansas corporation, was insolvent; among its creditors, it owed the Texarkana National Bank $10,000. The stock of the corporation was owned by appellant Wadley and appellees, Robert E. Dove and T. L. Boehmer; Mr. Wadley wanted to liquidate the corporation, Messrs. Dove and Boehmer wanted the business to continue. On that date they made a settlement among themselves whereby Wadley assigned his stock to Dove and Boehmer and paid $2,000 on the indebtedness to the bank, and the corporation executed two notes to the bank, indorsed by Dove and Boehmer, one for $5,000 and one for $3,000; and, to secure the payment of these notes, the corporation assigned all its assets to the bank. Dove and Boehmer in liquidating the affairs of the corporation paid the $5,000 note in full, and reduced the $3,000 note to $1,191.20. On the 30th day of January, 1936, Texarkana National Bank instituted this suit against Dove and Boehmer for the balance due on the $3,000 note. Answering, Dove and Boehmer made Wadley a party to the suit and, by way of cross-action against him, pleaded the following facts: In making the settlement on February 2, 1932, Wadley represented that the corporation owed Texarkana National Bank $13,000, when it owed only $10,000, and that they did not discover the mistake until a short time before this suit was filed. In the settlement, he agreed to pay and did pay the bank $2,000 of that indebtedness, and agreed to assume an additional sum of $3,-000. Dove and Boehmer assumed the balance, which, on the representations of Wadley, amounted to $8,000, evidenced by the two notes described above. It was

further alleged that, in making the agreement to assume $8,000, Dove and Boehmer relied upon Mr. Wadley's statement that the corporation owed the bank $13,000, and, but for that representation, they would not have assumed and agreed to pay the $8,000. Wadley answered by demurrers, general and special, plea of misjoinder of parties and causes of action, and by general denial, etc.

On the conclusion of the evidence the trial court instructed a verdict in favor of Texarkana National Bank against Dove and Boehmer; there is no assignment against this instruction. The issues between Wadley and Dove and Boehmer were submitted to the jury by the following question, answered in the affirmative: "Do you find from a preponderance of the evidence that when the settlement of February 2, 1932, between J. K. Wadley and the defendants, R. E. Dove and T. L. Boehmer, acting through Will Steel as attorney was made, that J. K. Wadley, in addition to the payment of $2,000.00 made by him on such indebtedness owing to the Texarkana National Bank, agreed to pay $3,000.00 of the said indebtedness of the Texarkana Overland Company, or such part of the said $3,000.00 as might remain unpaid after the assets of such corporation had been exhausted."

On the verdict of the jury, judgment was entered in favor of Dove and Boehmer against Wadley for the amount recovered by the bank against them. From that judgment Wadley prosecuted his appeal to the Texarkana Court of Civil Appeals; the case is on our docket by order of transfer by the Supreme Court.

We sustain appellant's proposition that the issue submitted to the jury and the jury's answer are without support in the pleadings and the evidence. It was the theory of appellees' cross-action against Wadley that he assumed and agreed to pay $3,000 of the indebtedness of the corporation in addition to the $8,000 assumed by them. Under the allegations of their answer, Wadley did not assume and agree to pay any part of the $8,000 assumed by appellees. They alleged that they were to pay $8,000 of the indebtedness of the corporation to the bank, and that the balance of the $3,000 note in issue was a part of the $8,000 assumed by them.

The evidence does not support the judgment on the theory that Wadley assumed and agreed to pay the $3,000 note of the corporation, indorsed by Dove and Boeh-

mer, or any part of it. We quote as follows from the testimony of Mr. Steel, appellees' attorney, who made the agreement for them with Wadley:

"On the day this contract was closed Mr. Wadley offered to lose $2,000.00 and to assume primarily $3,000.00 of the indebtedness; that proposition I 'phoned Mr. Dove and he accepted. Mr. Wadley was willing to close on that basis, willing to pay $2,000.00 cash, his personal loss, and to assume $3,000.00 of the indebtedness primarily. Mr. Dove accepted that proposition. * * * I didn't talk to Mr. Dove or see the books, and all I knew about the financial condition of the company was from Mr. Wadley. I understood the company owed $13,000.00; I got that from Mr. Wadley, I could not have gotten it anywhere else. He was to pay $2,000.00 and assume $3,000.00, and that would leave $8,000.00. So I drew these papers on that information from Mr. Wadley that the balance of the indebtedness these men would stand for would be $8,000.00. Everybody admitted it was insolvent. * * * Well, it was my understanding, if the indebtedness was $13,000.00, and that was the balance of it, they were to assume the balance,—Mr. Wadley was to pay $2,000.00 and assume $3,000.00, and they were to primarily assume the balance of $8,000.00.

"Q. Did that include the $3,000.00 note Wadley assumed and the balance these other men assumed? A. Yes, Mr. Wadley didn't tell me how he would handle his $3,000.00, but the agreement was he would be primarily responsible for the $3,000.00, and I left it up to him about how to handle with the bank, because he was a director and could handle it with them as he saw fit. As the paper was collected it would be applied on the $8,000.00 and after that was paid, if it was paid, it would be applied on Mr. Wadley's $3,000.00 he assumed. These men would get the benefit of the assets up to what they had primarily assumed, first. I heard later the indebtedness was $10,000.00 instead of $13,000.00.

"Q. With that understanding fixed in your mind, you caused them to close the papers in that way? A. Yes, sir,—If I had known the indebtedness was $10,000.00 instead of $13,000.00, they would not have indorsed the $3,000.00, or if they had Mr. Wadley would have too, to make him primarily liable, but he was to take over $3,000.00 of this indebtedness, and if he didn't do it in a separate instrument, he

evidently should have indorsed that $3,000.00.

"Q. You thought that would be done? A. That was my understanding with Mr. Wadley and I thought he would do it, of course."

The judgment was rendered against appellant on the court's conclusion that he assumed and agreed to pay the unpaid balance of the $3,000 note, which finding is without support in the pleadings of the evidence. But, if he agreed to pay $3,000 of the indebtedness of the corporation, or the unpaid balance of $3,000, it was not the $3,000 represented by the note executed by the corporation to the bank, and indorsed by Dove and Boehmer. The judgment against appellant must be reversed and the cause as to him remanded for a new trial, and it is so ordered. The judgment in favor of Texarkana National Bank against Dove and Boehmer is in all things affirmed.

Reversed and remanded in part, and in part affirmed.